**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY MARTINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 20 C 2267 |
| | ) | |
| THE ORCHARD ENTERPRISES, INC., | ) | Judge Virginia M. Kendall |
| INDEPENDENT ONLINE | ) | |
| DISTRIBUTION ALLIANCE, INC., | ) | |
| MEDIANET, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION & ORDER</u>**

Plaintiff Anthony Martino filed suit against the Orchard Enterprises, Inc., Independent Online Distribution Alliance, Inc. ("IODA"), and Medianet, Inc., alleging that Defendants infringed his copyrights and deprived him of royalties.  Defendants moved to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer for improper venue. [Dkts. 30, 31].  After the parties fully briefed the Motions to Dismiss, Martino filed a Third Amended Complaint that added additional claims but did not add any jurisdictional allegations. [Dkt. 45].  The parties agreed that, since Defendants' Motions to Dismiss as to jurisdiction and venue remain unchanged by the Third Amended Complaint, the Court should consider the pending Motions before Defendants file an answer to the newest Complaint.  [Dkts. 46, 48].  Defendants' Motions to Dismiss are granted because this Court does not have personal jurisdiction over them. Defendants' Motions to Transfer Venue is granted.

## <u>BACKGROUND</u>

The following factual allegations are taken from Martino's Second and Third Amended Complaints (Dkt. 15, 45) and are assumed true for the purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Plaintiff Anthony Martino brings claims against Defendants Orchard Enterprises and IODA for conversion (Dkt. 45 ¶¶ 66–95) and against all Defendants for copyright infringement and unjust enrichment. (*Id.* ¶¶ 96–183).[1] Martino, a resident of the State of Illinois, is a professional singer/songwriter and self-funded recording artist. (Dkt. 15 ¶ 23). Defendant Orchard Enterprises is a Delaware corporation and wholly-owned subsidiary of SONY Music with its principal place of business in New York, New York. (*Id.* ¶ 24). Orchard Enterprises distributes music and video through multiple national platforms. (*Id.*). Defendant IODA is a California corporation and wholly-owned subsidiary of SONY Music in New York with its principal place of business in New York, New York. (*Id.* ¶ 25). IODA provides distribution, marketing, publishing, and administrative services to selected independent record labels, physical distributors, video companies, recording artists, filmmakers, print media publishers, and independent authors. (*Id.*). Defendant MediaNet, a Delaware corporation with its principal place of business in Seattle, Washington, is a business-to-business licensor of certain rights in its music catalogue. (*Id.* ¶ 27).

Martino is the sole copyright owner of the authorship, publishing rights, and sound recordings of eleven original songs composing two albums: *Hope in Isolation* ("HII") and *Slightly Defined*. (*Id.* ¶¶ 2, 15). In February and March of 2020, Plaintiff first discovered that IODA and Orchard Enterprises reproduced and distributed (via an unauthorized license) each one of Plaintiff's eleven copyrighted compositions/sound recordings on the HII Album to MediaNet;

---

[1] Plaintiff added additional claims in the Third Amended Complaint so the Court cites to those, although the relevant jurisdictional allegations remain the same between the Second and Third Amended Complaint.

third-party non-interactive music webcasters Last.Fm and Live365; an interactive music streaming provider called Gaana.com; and other currently unknown third-parties. (*Id.* ¶¶ 11, 98, 101, 107–12, 132, 134, 137). Martino believes IODA and Orchard Enterprises registered a "rights ownership" claim to receive performance royalties related to three recordings contained on the HII album and wrongfully obtained royalties from use of his copyrighted songs. (*Id.* ¶¶ 21, 53–65, 79–81). Martino levels similar allegations against MediaNet but additionally claims that MediaNet distributed his album *Slightly Defined* in addition to HII. (*Id.* ¶¶ 132, 134, 137). MediaNet infringed Martino's copyright by obtaining HII from Orchard Enterprises and *Slightly Defined* from an unknown third-party, uploading the albums onto its computer servers, and distributing those albums to "at least 53 . . . separate third-party brick and mortar music retail stores located across the United States," including two based in Illinois. (*Id*. ¶¶ 12, 16, 132, 134, 165). Each of the 53 third-party music retailers are selling or have already sold Plaintiff's albums, with 21 songs between them, for $0.99 per song, or $9.99 for an entire album, directly to the general public in the United States without any geographic restriction, including to residents in Illinois through their respective interactive online websites. (*Id*. ¶ 134).

Martino alleges that all Defendants have been continuously conducting business in this judicial district by selling Martino's music at two brick and mortar music stores in Illinois. (*Id*. ¶ 32). Martino does not allege that these retailers were selling physical copies of his albums or songs. (*Id*. ¶ 134). Instead, these stores received the albums from MediaNet and are either now "selling" or "have already sold" downloads of the albums (and their combined 21 individual tracks) to the general public, including to residents of Illinois, "through their respective interactive online websites." (*Id*.). Defendants IODA and Orchard Enterprises allegedly offered employment opportunities to the members of the general public residing within Illinois and entered into

distribution contracts with people and entities based in Illinois.  (*Id.*).  Martino also alleges that Defendants had actual and constructive knowledge that Plaintiff was an Illinois resident.  (*Id.*).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows dismissal of a complaint for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  A plaintiff is not required to anticipate a personal jurisdiction challenge in its complaint; though, once challenged, the plaintiff bears the burden of demonstrating personal jurisdiction.  *Curry v. Revolution Laboratories, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (citing *Purdue Research Found. V. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)).  Whether the court holds an evidentiary hearing determines the nature of the plaintiff's burden.  *Id.*  When the court does not hold an evidentiary hearing and decides the defendant's Rule 12(b)(2) motion on the basis of written materials alone, the plaintiff must establish merely a *prima facie* case of personal jurisdiction.  *Id.*  In evaluating whether the plaintiff has satisfied the *prima facie* standard, the court must "take as true all well-pleaded facts alleged in the complaint and resolve any factual disputes in the affidavits in favor of the plaintiff."  *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019) (citing *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010)).

## DISCUSSION

Defendants move to dismiss the Second Amended Complaint on two grounds and alternatively moves to transfer venue.  (Dkts. 30, 31).  First, Defendants move to dismiss the Complaint pursuant to Rule 12(b)(2) and Rule 12(b)(3) for lack of personal jurisdiction and improper venue under 28 U.S.C. § 1391.  (*Id.*).  Alternatively, Defendants move to transfer venue pursuant to 28 U.S.C. § 1406(a).  (*Id.*)   The Court notes at the outset that Martino is representing himself *pro se* and therefore his pleadings are to be liberally construed.  *See Taylor v. JPMorgan Chase Bank, N.A.*, 958 F.3d 556, 562 (7th Cir. 2020); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

## I. Personal Jurisdiction

Because the Copyright Act does not authorize nationwide service of process, personal jurisdiction is governed by the law of Illinois. *See Tamburo*, 601 F.3d at 700 ("Where no federal statute authorizes nationwide service of process, personal jurisdiction is governed by the law of the forum state"). The Illinois long-arm statute allows courts to "exercise jurisdiction on any basis . . . permitted by the Illinois Constitution and the Constitution of the United States." 735 Ill. Comp. Stat. 5/2-209(c). Because there is "no operative difference between" the constitutional limits of the Illinois Constitution and the United States Constitution in terms of personal jurisdiction, the proper inquiry is whether this Court's exercise of personal jurisdiction over Defendants complies with the limits imposed by the Fourteenth Amendment's Due Process Clause. *Curry v. Revolution Laboratories, LLC*, 949 F.3d 385, 393 (7th Cir. 2020) (quoting *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)). The Due Process Clause limitations "protect an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985)). Personal jurisdiction exists wherever the defendant has deliberately established contacts with the forum state, "or in other words, he must purposefully avail himself of the forum state 'such that he should reasonably anticipate being haled into court there.'" *Philos Techs, Inc. v. Philos & D, Inc.*, 802 F.3d 905, 923 (7th Cir. 2015) (quoting *King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985)). "It is the defendant—not the plaintiff . . . that must create the contacts in the forum state . . . ." *Id.* (citing *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). Personal jurisdiction

does not exist where the defendant's contacts with the forum state are merely "'random, fortuitous, or attenuated.'" *Walden*, 571 U.S. at 286 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Personal jurisdiction may be general or specific. *Mobile Anesthesiologists*, 623 F.3d at 444. General personal jurisdiction is only proper "in the limited number of fora in which the defendant can be said to be 'at home.'" *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014). For a court to exercise specific personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must be "directly related to the conduct pertaining to the claims asserted." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017) (citing *Tamburo*, 601 F.3d at 702).

### A.    General Jurisdiction

General jurisdiction is "all-purpose;" it exists only "when the [party's] affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Kipp v. Ski Enterprise Corp. of Wisconsin, Inc.*, 783 F.3d 695, 697–698 (7th Cir. 2015) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). These contacts need not be related to the suit. *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). However, the contacts must be sufficiently "extensive and pervasive to approximate physical presence"; "sporadic" or "isolated" contacts are insufficient to establish general jurisdiction. *Tamburo*, 601 F.3d at 701. Because general jurisdiction may exist even when the defendant's conduct is entirely unrelated to the forum state, "it should not lightly be found." *Kipp*, 783 F.3d at 698.

Plaintiff fails to meet this high standard. An out-of-state defendant may not be subject to all-purpose jurisdiction, even if it directs marketing and advertisements to that forum state. *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 426 (7th Cir. 2010) (finding that placing billboards

and advertisement in Illinois was insufficient to meet general jurisdiction).  Defendants are neither incorporated in nor do they have their principal place of business in Illinois.  Therefore, to establish general jurisdiction, Defendants must have systematic and continuous contacts with Illinois sufficient to make them functionally at home there.  Here the limited and sporadic contacts between Defendants and Illinois are not "sufficiently extensive and pervasive to approximate physical presence."  *Tamburo*, 601 F.3d at 701.  Defendants cannot be "treated as present in [Illinois] for . . . all purposes" merely because Defendants had an indirect relationship with two music stores or because indirect retailers sell Plaintiff's music through websites.  *uBID*, 623 F.3d at 426. Therefore, Defendants are not subject to general jurisdiction in Illinois.

### B.       Specific Jurisdiction

Specific jurisdiction exists where a defendant's suit-related conduct creates a substantial connection with the forum state.  *Walden*, 571 U.S. at 284.  Such conduct is sufficient to establish specific jurisdiction only where the "defendant himself" creates contact with the forum state; the relevant factor is the "defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there."  *Id.* at 284–85.  There is a broader standard for specific jurisdiction that is limited by due process concerns from being "based on contacts with the forum that are random, fortuitous, or attenuated."  *Id*. (citing *Burger King*, 471 U.S. at 475).  There are three "essential requirements" for a court to exercise specific jurisdiction over an out-of-state defendant: (1) the defendant must have purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state, (2) the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities, and (3) the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice.  *Curry*, 949 F.3d at 398 (quoting *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019));

*see also Tamburo*, 601 F.3d at 702.  Plaintiff's Second Amended Complaint fails to adequately state a *prima facie* case for specific personal jurisdiction.

### 1.   Purposeful Direction

A defendant's activities may be purposefully directed at the forum state even in the "absence of physical contacts" with the forum.  *Curry*, 949 F.3d at 398 (quoting *Burger King*, 471 U.S. at 476).  Evidence that the defendant directed its activities toward the forum state in a non-random fashion may demonstrate that the defendant purposefully availed itself of the benefits of conducting business there.  *See id.* at 399.  An example of a purposefully directed activity is a defendant causing its product to be distributed in the forum state.  *Id.*  The purposeful direction requirement prevents out-of-state defendants from being "bound to appear . . . for merely 'random, fortuitous, or attenuated contacts.'"  *Id.* at 398 (citations omitted).

Plaintiff cannot meet this burden.  Plaintiff's strongest allegation is that Defendant MediaNet distributed virtual copies of Plaintiff's albums to two music stores in Illinois, in addition to 51 other retailers across the United States, that made his electronic copies of his albums available through download on their respective websites.  (Dkt. 15 ¶ 134).  In response, MediaNet attached an affidavit from its General Counsel and Vice President Seth Goldstein stating that it has no direct business relationship with the two brick and mortar music stores in Illinois and that MediaNet never distributed recordings to those stores or to any other brick and mortar retailer in Illinois. (Dkt. 27-3 ¶ 15).  MediaNet states that Broadtime Marketing Solutions, one of its customers based in Virginia, did business with the Illinois-based retailers and sold Plaintiff's songs.  (*Id.* ¶ 16).  MediaNet further states that it has no control over:  (1) which retail music stores Broadtime elects to do business with; (2) where those retail stores are located; or (3) to whom those stores sell their music.  (*Id.* ¶ 17).

Plaintiff's allegations do not suffice to establish personal jurisdiction.  Plaintiff cites to *Curry*, 949 F.3d at 400, and *Illinois v. Hemi Group LLC*, 622 F.3d 754, at 757–58 (7th Cir. 2020) but these cases are inapposite to the facts at hand.  In both *Curry* and *Hemi*, the defendants themselves allegedly owned and controlled websites that targeted Illinois consumers.  While in *Curry* defendant allegedly sold its product over third-party websites, the defendant also arranged to sell its products through the third-party websites and sent confirmation emails listing the Illinois shipping address, allegations plainly missing here.  949 F.3d at 399.  MediaNet is not alleged to have operated an interactive website that targeted Illinois consumers.  Plaintiff alleges that third-party retailers, two of whom operate in Illinois, made Plaintiff's music available on their website but does not allege Illinois consumers were targeted in particular.  In fact, Plaintiff pleads that all 53 third-party music retailers have websites that target the "general public through their respective interactive online websites (without any geographic buying and downloading restrictions for U.S customers)." (Dkt. 15 ¶ 13; *see also* Dkt. 15 ¶ 16, 26, 108, 134 (allegations that websites and downloads available to the general public across the United States)).  Even without MediaNet's affidavit attesting that Broadtime made Plaintiff's music available to third-party retailers, the allegations do not show that MediaNet purposefully targeted Illinois consumers or availed itself of business here.  As stated in *Curry*, "significant caution is certainly appropriate when assessing a defendant's online contacts with a forum 'to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state.'" 949 F.3d at 400 (citing *Hemi*, 622 F.3d at 760).  Finding jurisdiction here would require the Defendants to appear "for merely random, fortuitous, or attenuated contacts.'"  *Id.* at 398 (citations omitted). Additionally, nothing indicates that the third-party brick and mortar retailers purposefully targeted Illinois consumers through their websites.  The mere fact that two out of 53 brick and mortar

retailers are physically based in Illinois does not give rise to the inference that MediaNet purposefully availed itself of business in Illinois.

The bulk of Plaintiff's remaining arguments center on the injury inflicted upon him in Illinois due to his own purchases and downloads of his music.[2] His main arguments as to Orchard Enterprises and IODA is that they allegedly knew he was based in Illinois based on emails he sent to a third-party, SoundExchange. Plaintiff alleges he reached out to a representative of SoundExchange about his copyright infringement claims and that SoundExchange then communicated with Orchard Enterprises about his issues. Even based upon Plaintiff's briefing and affidavits, the link between Orchard Enterprises and Illinois is obviously highly attenuated. Plaintiff does not allege that Orchard Enterprises purposefully targeted either him or other Illinois-based consumers. The fact that he initiated contact with a third-party who then looped in Orchard Enterprises does not give rise to personal jurisdiction. It is insufficient to find personal jurisdiction where the only link between the Defendants and Illinois is Plaintiff. *Philos Techs, Inc. v. Philos & D, Inc.*, 802 F.3d 905, 923 (7th Cir. 2015) (quoting *King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985)). "It is the defendant—not the plaintiff . . . that must create the contacts in the forum state . . . ." *Id.* (citing *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). Plaintiff cites to *American Medical Ass'n v. 3Lions Publishing, Inc.*, No. 14 C 5280, 2015 WL 1399038, *3 (N.D. Ill. March 25, 2015) (Kendall, J.) for the proposition that communications between parties can give rise to specific jurisdiction. However, jurisdiction arose in *3Lions* because the defendants,

---

[2] Defendants point out that the only sales of Plaintiff's song in Illinois have been those purchased by Plaintiff. It is well-settled "mere injury to a forum resident" cannot subject a defendant to personal jurisdiction in that forum. *Walden*, 571 U.S. at 290; *see also Advanced Tactical*, 751 F.3d at 802 ("[A]fter Walden, there can be no doubt that the plaintiff cannot be the only link between the defendant and the forum."). Plaintiff admits that his father is the only other known purchaser of his music, but that his father downloaded Plaintiff's music in Indiana. (Dkt. 35-1 ¶ ¶ 20–21). Using Plaintiff's extremely broad interpretation of specific personal jurisdiction, Plaintiff could have equally brought his suit in Indiana since downloads were purchased there, or anywhere else where downloads were fortuitously purchased.

through their counsel, first wrote a letter to the plaintiffs threatening imminent litigation.  Likewise, the other cases Plaintiff relies upon all pertain to the defendant reaching out itself and purposefully contacting the plaintiff or numerous other forum-based residents, instead of Plaintiff reaching out to a third-party who then communicated indirectly with Defendant.

Plaintiff further alleges that Orchard Enterprises and IODA supposedly do business in Illinois, including by regularly entering into contracts with persons in Illinois, employing people in Illinois, and advertising for employees in Illinois.  (*See* Dkt 15 ¶ 32).  Orchard Enterprises and IODA contend they do not engage in any of this contact.  In any event, these allegations are unrelated to the underlying copyright claim and are insufficient to create a jurisdictional link.  *See Curry*, 949 F.3d at 400 (to exercise jurisdiction over an out-of-state defendant, the defendant's minimum contacts with the forum must be "suit related;" *see also Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1781 (2017) (holding that there must be a connection between the forum state and the specific claims at issue).

There are no allegations that Defendants purposefully availed themselves of Illinois.  The allegations and affidavits filed by both parties demonstrate this was fortuitous. Plaintiff pleads multiple times that Defendants' conduct was nationwide in scope (Dkt. 15 ¶¶ 12, 24, 27, 32, 134, 137) and there is no pleading that indicates Defendants targeted Illinois in particular.

### 2.    Suit-Related Contacts and Fair Play and Substantial Justice

Because Plaintiff failed to allege the first of the three essential requirements for specific personal jurisdiction, his claim must fail. *Curry*, 949 F.3d at 398 (quoting *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019)).  The Court only briefly mentions that the final requirement of the specific personal jurisdiction analysis, that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice," is not met here.  *Curry*,

949 F.3d at 402 (quoting *Int'l Shoe*, 326 U.S. at 316).   In making this determination, courts consider: (1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining efficient resolution of the dispute, and (5) the shared interest of the states in furthering fundamental social policies.  *Id.* (quoting *Purdue Research*, 338 F.3d at 781). These factors carry more weight when a defendant's forum-related contacts are relatively weak. *Id.*   When a plaintiff presents an adequate showing of minimum contacts, "that showing is generally defeated only where the defendant" demonstrates that exercise of jurisdiction would be unreasonable due to other considerations.  *Id.* (citing *Burger King*, 471 U.S. at 477).  Plaintiff has not made an adequate showing of minimum contacts, and therefore jurisdiction here would not be fair.  Requiring Defendants to litigate in a forum where they have almost zero contact, beside Plaintiff's lawsuit, would be a tremendous burden on them.  While Illinois does have an interest in this suit since Plaintiff is a resident of the state, it does not outweigh any other state's interest as there is no evidence that Defendants are specifically targeting any Illinois consumers.

## II.   Venue

Defendants also move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(3) or, in the alternative, to transfer to the Southern District of New York pursuant to Rule 1406, where Orchard Enterprises and IODA reside and where MediaNet consents to venue. (Dkts. 26 at 12–13; 27 at 14).   Under the copyright venue statute, venue is found "in the district in which the defendant or its agent resides or may be found."  28 U.S.C. § 1400(a).  A defendant in a copyright action "may be found" in a district where he is subject to the district court's personal jurisdiction. *Richardson v. Kharbouch*, No. 19 C 02321, 2020 WL 1445629 (N.D. Ill. Mar. 25, 2020). Additionally, proper venue under § 1400(a) is district-specific; that is, venue requires that the

"defendant's amenability to personal jurisdiction ... relate to the judicial district in which the action was filed...." *Id.* (citing *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co., Inc.*, 8 F.3d 441, 445 (7th Cir. 1993). As discussed above, Defendants are not subject to personal jurisdiction in the Northern District of Illinois and therefore venue is improper here under § 1400(a).

As to Plaintiff's unjust enrichment and conversion claims, venue is proper in a judicial district (1) where the defendant resides, (2) where a substantial part of events or omissions giving rise to the claim occurred or where the property subject to the action is situated, or (3) where the defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b)(1)–(3). None of these prongs are met here. Defendants are residents of other jurisdictions, are not subject to this Court's personal jurisdiction, and Plaintiff has not alleged that a substantial part of the events or omissions took place here. To form a substantial part of the events or omissions, the test for a determination of proper venue under Section 1391(b)(2) "is not whether a majority of the activities pertaining to the case were performed in a particular district, but whether a substantial portion of the activities giving rise to the claim occurred in a particular district." *Allstate Life Insurance Co. v. Stanley W. Burns, Inc.*, 80 F.Supp.3d 870, 877 (N.D. Ill. 2015) (citing *Jackson v. N'Genuity Enters., Co.*, No. 14 C 2197, 2014 WL 4269448, at *6–7 (N.D. Ill. Aug. 28, 2014). Here, the parties being unjustly enriched and converting Martino's copyright by receiving royalties intended for Martino are located outside of this District. Even assuming Martino created his music in Illinois (allegations that are not pled in the Complaint), substantial events given rise to unjust enrichment and conversion are not pled to have occurred in this venue. Therefore, venue is improper under § 1391(b)(1)–(3).

Defendants move to transfer under 28 U.S.C. § 1406(a), which states, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or

if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  All Defendants consent to venue in the Southern District of New York.  Section 1406 does not require a multi-part balancing test like § 1404.   Instead "transfer is ordinarily in the interest of justice because dismissal of an action that could brought elsewhere is 'time consuming' and may be 'justice-defeating.'"  *Spherion Corp. v. Cincinnati Financial Corp.*, 183 F. Supp. 2d 1052, 1059–1060 (N.D. Ill. 2002) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)). Given that the Defendants consent to suit in the Southern District of New York, rather than dismiss Plaintiff's case and require him to re-file where personal jurisdiction is found, the Court will transfer Plaintiff's suit in the interests of justice.

## CONCLUSION

Because the Court does not have personal jurisdiction and venue is improper in this District, the Court grants Defendants' motions to transfer venue [Dkts. 30, 31] and directs the Clerk to transfer the case to the District Court for the Southern District of New York under 28 U.S.C. § 1406(a) for all further proceedings forthwith.

Virginia M.  Kendall
United States District Judge

Date: October 27, 2020

14